IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WILLIAM W. KIRCHOFF                                                                                          PETITIONER
REG. #15047-045

V.                                            NO.  2:06CV00164 WRW/JWC

LINDA SANDERS, Warden,                                                                                RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

### **RECOMMENDED DISPOSITION**

William W. Kirchoff, an inmate in the Federal Correctional Complex (Medium) in Forrest City, Arkansas (FCC-Forrest City), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus and supporting memorandum (docket entries #1, #4) challenging the policy of the Bureau of Prisons (BOP) regarding when a federal prisoner is eligible for transfer to a community corrections center (CCC), which is now referred to as a residential reentry center (RRC). Respondent has filed a response (docket entry #5). For the reasons that follow, the petition should be DISMISSED.

Petitioner is serving an eighteen-month sentence of imprisonment imposed in January 2004 by the United States District Court for the Western District of Missouri for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(9). See United States v. Kirchoff, 387 F.3d 748 (8th Cir. 2004). According to Petitioner, the Missouri district court recommended placement in the boot camp program, which he says includes extended time in an RRC. He says the BOP has limited his RRC time to ten percent of his imprisonment term without evaluating his individual circumstances or considering the sentencing court's recommendation. He says this ten-percent limitation, based on the BOP's December 2002 and February 2005 policies, has been invalidated by

several recent cases in this District and others.  As relief, he asks the Court to order the BOP to find him entitled to serve the final 180 days of his sentence in an RRC, rather than 47 days as proposed by the BOP.

In Elwood v. Jeter, 386 F.3d 842, 845-47 (8th Cir. 2004), the Eighth Circuit Court of Appeals invalidated a December 2002 BOP policy limiting CCC/RRC designation to the last ten percent of an inmate's sentence, capped at six months.  The Court held that the BOP has the discretion to transfer an inmate to a CCC/RRC at any time, that it has a duty to formulate a pre-release plan for the last six months of an inmate's sentence to facilitate his reentry into the community, and that the plan may include CCC/RRC placement for any or all of that period.  See 18 U.S.C. § 3621(b) (BOP "may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another"), § 3624(c) (BOP "shall, to the extent practicable, assure that a prisoner ... spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community").

In response to Elwood and other similar decisions, the BOP created the regulations challenged here, which became effective February 14, 2005.  These regulations provide that, as a "categorical exercise of discretion," the BOP will designate inmates for CCC/RRC placement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months."  28 C.F.R. §§ 570.20, 570.21 (2005).  Recently, in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the Eighth Circuit Court of Appeals declared this policy invalid as conflicting with 18 U.S.C. § 3621(b), which lays out certain factors that must be considered by the BOP in making inmate placement or transfer determinations.  See id. ("The Bureau may designate any available penal or correctional facility ... that the Bureau determines to be appropriate and

suitable, considering – (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any [relevant] statement by the court that imposed the sentence ... ; and (5) any pertinent policy statements issued by the Sentencing Commission[.]"). Because § 3621(b) requires that discretion be exercised on an individual basis, the Eighth Circuit found that the February 2005 policy was invalid because it "removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences." Fults, 442 F.3d at 1092; see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244 (3d Cir. 2005) (BOP regulation is invalid because the BOP "may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations").

Here, Respondent argues that the petition should be dismissed as moot because, in response to Fults, the BOP modified its procedures for institutions within the Eighth Circuit. Respondent states that Petitioner was recently evaluated for RRC placement, utilizing the BOP policy used prior to the December 2002 and February 2005 policies, as outlined in BOP Program Statement 7310.04. This policy requires that an RRC recommendation be based on the § 3621(b) factors and correctional and population management interests, including the length of sentence, seriousness of current offense, criminal history, programming needs, availability of facilities and necessary health care, and public safety.

Respondent submits the declaration of James D. Crook, a BOP supervisory attorney, stating that Petitioner has been evaluated for RRC placement pursuant to Program Statement 7310.04, and that he is currently scheduled to transfer to an RRC in November 2006. Mr. Crook attaches a completed "RRC Needs Assessment" form, dated May 9, 2006, setting forth a number of factors, with specific notations as to Petitioner. The

form shows a projected release date of February 1, 2007, and a recommended range of 60 to 90 days for RRC placement.  Mr. Crook also attaches an "Institutional Referral for CCC Placement" form, signed by the FCI warden and dated May 15, 2006, recommending that Petitioner be considered for CCC placement for 60 to 90 days.  Finally, Mr. Crook attaches an "Inmate Profile" for Petitioner, showing that he is scheduled for transfer to a "Comm Sanction Ctr" in Columbia, Missouri on November 29, 2006.  This is an earlier date than the December 17, 2006 "pre-release preparation date" originally calculated for Petitioner and appearing in the documentation he submitted.  (See Sentence Monitoring Computation Data sheet, dated Jan. 13, 2006, attached to docket entry #1.)[1]

Article III of the United States Constitution requires that a "case or controversy" exist for standing to bring an action in federal court.  U.S. Const. art. III, § 2, cl. 1.  For a case or controversy to exist, a plaintiff must suffer an "injury in fact" which is "fairly traceable" to the challenged action of the defendant, and it is "likely, as opposed to merely speculative," that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  A sufficient injury exists only when there is an invasion of a legally-protected interest that is "concrete and particularized" and "actual or imminent."  Id. at 560.

Because Respondent did not apply and will not be applying either the December 2002 or February 2005 policies to Petitioner, Petitioner has not shown that he has suffered, or will suffer, an injury which is fairly traceable to either of the invalidated policies and which could be redressed by a grant of federal habeas relief.  His challenge to the December 2002 and February 2005 policies is, therefore, moot.

---

[1] According to this data sheet, his date of commitment was not until November 9, 2005, despite the fact that he was sentenced on January 6, 2004.

Furthermore, nothing in Elwood, Fults or the applicable statutes entitles any prisoner to six months of placement in an RRC. See Woodall, 432 F.3d at 251 ("[T]hat the BOP may assign a prisoner to a [RRC] does not mean that it must."); Elwood, 386 F.3d at 847 ("We emphasize ... that 18 U.S.C. § 3624(c) does not require placement in a [RRC]."). Under Elwood, the BOP is simply required to formulate a plan of pre-release conditions, which *may* include RRC placement, and to place an inmate in pre-release conditions, which *may* include an RRC, for "a reasonable part of the last ten percent of [his] term;" however, neither of these obligations extends beyond the last six months of the prisoner's sentence. Id. Fults further defines the BOP's duty during that six-month period, requiring the BOP to consider RRC placement in good faith utilizing the statutory factors, without categorically limiting the possibility of RRC placement to the last ten percent of an inmate's sentence. Nothing in the decisions mandates that the BOP designate any inmate for RRC placement at any time, much less for the full six-month period.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1) should be DISMISSED in its entirety with prejudice.

DATED this 16th day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE